UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION

| | |
|---|---|
| WHITNEY WHITE, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>ART VAN FURNITURE, INC., a Pennsylvania corporation,<br><br>*Defendants*. | Case No. |

## NOTICE OF REMOVAL

Further to 28 U.S.C. §§ 1332(d), 1441 and 1446, Art Van Furniture, LLC, improperly named as "Art Van Furniture, Inc." ("Art Van" or "Defendant") hereby provides notice of removal of this action from the Circuit Court of Cook County, Illinois, Chancery Division to the United States District Court for the Northern District of Illinois, Eastern Division. In support of this Notice of Removal, Defendant respectfully states as follows:

**I.     THE STATE COURT ACTION.**

1. On April 11, 2019, Plaintiff Whitney White ("White" or "Plaintiff") initiated this civil lawsuit against Defendant in the Circuit Court of Cook County, Illinois, by filing a class action complaint captioned *White v. Art Van Furniture, Inc.*, No. 2019 CH 04671 (the "State Court Action"). A copy of the Complaint filed in the State Court Action is attached hereto as **Exhibit 1**.

2. Art Van was served with a copy of the summons and complaint in the State Court Action on April 19, 2019. A copy of Plaintiff's summons and proof of service is attached hereto as **Exhibit 2**.

3. This Notice of Removal is therefore timely filed under 28 U.S.C. § 1446(b)(1).

4. By her Complaint, Plaintiff contends that Art Van violates the Illinois Biometrics Information Privacy Act, 740 ILCS 14/1, *et seq.* (the "BIPA"), through the use of certain timekeeping technology that scans her handprint. (*See* Exhibit 1, Compl. ¶¶ 2-5; 28-55; 57; 68-95.)

5. Specifically, Plaintiff alleges that Defendant collects, stores, uses, retains and discloses employee biometric information (here, handprints) when its employees clock in or out of work without first providing a written policy or obtaining informed written consent. (*See id.* at ¶¶ 29; 32-39; 41-47; 53; 68-95.) Based on those allegations, Plaintiff asserts claims, in both her individual and representative capacity, for violation of the BIPA and negligence. (*See generally* Exhibit 1.)

6. Plaintiff seeks, on behalf of herself and a putative class, various forms of relief including (i) injunctive relief "as is necessary to protect the interests of Plaintiff and the Class, including an Order requiring Defendant to collect, store, use, destroy and disseminate biometric identifiers and/or biometric information in compliance with BIPA," (ii) statutory damages, and (iii) attorneys' fees and costs. (*See id.* at Prayer for Relief.)

II. **THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO THE CLASS ACTION FAIRNESS ACT.**

7. This Court has diversity jurisdiction over Plaintiff's claims pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2), which provides that "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a state different from any defendant . . . ."

8. First, the State Court Action is a "class action" for purposes of 28 U.S.C. § 1332(d)(2), as Plaintiff "brings claims on her own behalf and as a representative of all other similarly-situated individuals pursuant to BIPA, 740 ILCS § 14/1, *et seq.*, to recover statutory penalties, prejudgment interest, attorneys' fees and costs, and other damages owed." *See* Exhibit A, at ¶ 47; *see also Marshall v. H&R Block Tax Servs., Inc.*, 564 F.3d 826, 829 (7th Cir. 2009) ("[T]he Illinois statute that authorizes class actions in Illinois, 735 ILCS 5/2-801 et seq., is similar to Rule 23 . . . .").

9. Second, Plaintiff seeks damages individually and on behalf of a putative class of persons "similarly situated." Specifically, although the BIPA provides for statutory damages of up to $5,000 upon a showing of a willful violation, Plaintiff, by her Complaint, seeks $15,000 for herself and each putative class member based on alleged violations of sections (a), (b) and (d) of 740 ILCS § 14/15. (*See* Exhibit 1 at ¶¶ 74; 76; 82; 84; 86; 93 & 95.) The class Plaintiff seeks to represent consists of "[a]ll individuals working for Art Van in the State of Illinois who had their handprints collected, captured, received, obtained, maintained, stored or disclosed by Defendant during the applicable statutory period." (*id*. at ¶ 58.)

10. Over the last two years alone, at least 500 persons have been employed by Art Van at sixteen retail locations it maintains in the State of Illinois. (*See* the Declaration of Mike Zambricki at ¶ 3.) At least 334 employees have used the time-clock at issue. (*id*.)

11. Plaintiff's proposed class thus surpasses the 100-person requirement of 28 U.S.C. § 1332(d)(5)(B).

12. Third, there is minimal diversity between members of the proposed class and Defendant, which satisfies the diversity requirements pursuant to 28 U.S.C. § 1332(d).

3

13. Art Van is a Delaware limited liability corporation, and its principal place of business is in Warren, Michigan. (Zambricki Decl. at ¶ 2). Therefore, Art Van is a citizen of Delaware and Michigan for the purpose of CAFA removal. 28 U.S.C. § 1332(d)(10).

14. Plaintiff is a citizen of Illinois. Plaintiff currently lives in Illinois and has lived in Illinois for at least ten years. (*See* Exhibit 1 at ¶ 12; *see also* Declaration of Suzanne M. Alton de Eraso ¶ 2 & Ex. A.) Plaintiff's social media presence indicates that she attended college in Illinois beginning in 2008 and has lived in Illinois ever since, working for at least three employers in Illinois. (*id.*) Publicly available information reflects that Plaintiff has an Illinois phone number. (*id.* ¶ 3 & Ex. B.)

15. Further, Plaintiff seeks to represent a class of individuals working at Art Van locations in Illinois (*id*. at ¶ 58), and it naturally follows that at least one class member is an Illinois citizen. *See* 28 U.S.C. § 1332(d)(2)(A) ("The district courts shall have original jurisdiction of any civil action in which [the amount in controversy threat is met] and is a class action in which… ***any member of a class of plaintiffs*** is a citizen of a State different from any defendant." (emphasis added); §1332(d)(1)(D) (defining "class members" as "the persons (named or unnamed) who fall within the definition of the proposed or certified class in a class action"); *see also Toller v. Sagamore Ins. Co.*, 514 F. Supp. 2d 1111, 1115 (E.D. Ark. 2007) (minimum diversity requirement met where plaintiff and "most, if not all" class members were likely to be citizens of the state in which they were insured); *Dinsdale v. Ad TelAmerica Inc.*, No. 3:14-CV-3427-B, 2015 WL 1757473, at *3 (N.D. Tex. Apr. 17, 2015) (minimum diversity existed where named plaintiff and defendants were citizens of same state, but plaintiff alleged that defendants solicited business throughout the United States and thus at least one class member of the proposed class would be a citizen of another state).

16. Because at least one plaintiff and Defendant are citizens of different states, the minimal diversity requirement is satisfied.

17. For purposes of assessing the amount in controversy, Plaintiff's allegations are accepted as true. *See, e.g., St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938) (noting it does not matter, for purposes of the amount in controversy, that "the complaint discloses the existence of a valid defense to the claim").

19. Art Van has employed more than five hundred (500) employees in Illinois over the last two years at sixteen Illinois retail locations, and at least three hundred thirty-four (334) have used the timekeeping equipment at issue in Illinois. (Zambricki Decl., ¶ 3.) Plaintiff seeks, by her own allegations, $15,000 in statutory damages per class member. This yields a total amount in controversy for the putative class that exceeds $5,000,000.00, exclusive of interests and costs. *See* 28 U.S.C. § 1332(d)(2).

20. Additionally, Plaintiff seeks attorneys' fees and costs (Exhibit 1, Prayer for Relief), which contribute to the $5,000,000.00 jurisdictional threshold amount.

21. Accordingly, the Court also has jurisdiction over the class action pursuant to 28 U.S.C. § 1332(d) and removal is proper under 28 U.S.C. § 1441.

**III.   ALL PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED.**

22. Art Van was served on April 19, 2019. (*See* Exibit 2.)

23. This Notice of Removal has thus been filed within thirty days of receipt of the summons and complaint by Defendants, and is therefore timely pursuant to 28 U.S.C. § 1446(b)(1).

24. A copy of the Notice of Filing and Notice of Removal, attached hereto as **Exhibit 3**, will be timely filed with the Clerk of the Circuit Court of Cook County, Illinois, and served on Plaintiff's counsel pursuant to 28 U.S.C. § 1446(d).

25. Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders received by Art Van in the State Court Action (other than the summons and Complaint) are attached hereto as **Exhibit 4**.

26. Venue is proper in this Court under 28 U.S.C. § 1446(a) because it is the district court of the United States for the district and division within which the State Court Action is pending. *See* 28 U.S.C. § 93(a)(1).

27. Based on the foregoing, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1332(d) and 1441, and the claims may be removed to this Court pursuant to 28 U.S.C. §§ 1441 and 1446.

**WHEREFORE**, Defendant Art Van Furniture, Inc. hereby removes this civil action to this Court.

Dated: May 20, 2019

ART VAN FURNITURE, LLC

By:   */s/ David S. Almeida*
David S. Almeida
dalmeida@beneschlaw.com
Suzanne M. Alton de Eraso
saltondeeraso@beneschlaw.com
**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**
333 West Wacker Drive, Suite 1900
Chicago, Illinois 60606
Telephone: (312) 212-4949
Facsimile: (312) 767-9192

*Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the foregoing *Notice of Removal* was filed with the Clerk of the Court and that copies of the foregoing were sent by first-class U.S. mail, postage prepaid, on May 20, 2019, addressed to the following parties:

Ryan F. Stephan
James B. Zouras
Catherine T. Mitchell
STEPHAN ZOURAS, LLP
100 N. Riverside Plaza
Suite 2150
Chicago, IL 60606

                                                                    */s/ David S. Almeida*